# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JACOBSON,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:18-cv-01439-SAB<br><br>ORDER REQUIRING PLAINTIFF TO FILE SUPPLEMENTAL BRIEF REGARDING MOTION FOR ATTORNEY FEES<br><br>FIVE DAY DEADLINE |

Plaintiff David Jacobson ("Plaintiff") filed this action seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for disability benefits pursuant to the Social Security Act. The action was voluntarily remanded for further proceedings at the stipulation of the parties. On remand, Plaintiff was found to be disabled and awarded past due benefits.

On September 30, 2020, Plaintiff filed a motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b). In the motion, counsel states that she is seeking a net award of attorney fees in the amount of $32,986.76. (ECF No. 20 at 1.) Plaintiff also states that past due benefits in the amount of $37,412.90 were withheld for the payment of attorney fees and she is reducing this amount by $14,062.17 for approval of a gross fee in the sum of $23,350.73. (Id.) Upon receipt of this sum, counsel will refund Plaintiff the $4,426.14 in EAJA fees that were previously paid in this matter. (Id.) Using this gross figure, the net fees requested would be a net award of

$18,924.59, not the $32,986.76 stated in the motion.  In her declaration, Counsel states that she is requesting the reduced fee of $23,350.73.  (ECF No. 20-1 at 2.)

While it appears that the request for $32,986.76 is a typographical error, the Court shall require counsel to clarify the gross amount of attorney fees that are being sought by the motion for attorney fees filed on September 30, 2020.

Additionally, the fee agreement included in the motion for attorney fees only covers the administrative level and explicitly states that it does not apply to representation at the United States District Court.  In determining whether the fees requested are reasonable, the district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness."  Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009).  Plaintiff shall submit the fee agreement that covers representation at the district court level or provide legal authority that the fee agreement that has been provided covers the representation for the purposes of a 406(b) fee request.

Accordingly, IT IS HEREBY ORDERED that within **five (5) days** of the date of entry of this order, Plaintiff shall file supplemental briefing clarifying the amount of attorney fees that are sought by the motion filed on September 30, 2020 and addressing the fee agreement that covers representation in district court.

IT IS SO ORDERED.

Dated:   **October 14, 2020**

UNITED STATES MAGISTRATE JUDGE