# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JACOBSON,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No.  1:18-cv-01439-SAB<br><br>ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF Nos. 20, 22, 24) |

Plaintiff David Jacobson ("Plaintiff") filed this action seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for disability benefits pursuant to the Social Security Act.  Currently before the Court is Petitioner Shellie Lott's ("Counsel" or "Petitioner"), attorney for Plaintiff, motion for attorney fees.

**I.**

**BACKGROUND**

Plaintiff filed the instant complaint challenging the denial of Social Security benefits on October 17, 2018.  (ECF No. 1.)  On June 17, 2019, a stipulation for voluntary remand was filed.  (ECF No. 13.)  The Court entered judgment pursuant to the stipulation in Plaintiff's favor and the action was remanded.  (ECF Nos. 14, 15.)  On August 21, 2019, a stipulation for an award of attorney fees and a bill of costs was filed.  (ECF No. 16, 17.)  Plaintiff was awarded attorney fees

of $4,426.14 at the stipulation of the parties and costs of $427.52 were taxed against the Commissioner. (ECF Nos. 18, 19.)

On remand, the ALJ found that Plaintiff was disabled as of September 1, 2014, and past benefits were awarded in the amount of $149,651.60.[1] (ECF No. 20-2 at 1, 2.) The Commissioner withheld $37,412.90 from the past-due benefit for attorney fees. This amount equals 25 percent of the retroactive benefit award. (Id.)

On September 30, 2020, Plaintiff filed the instant motion for attorney fees pursuant to 42 U.S.C. § 406(b). (ECF No. 20.) On October 8, 2020, the Commissioner, as a de facto trustee for Plaintiff, filed a response to Petitioner's motion providing an analysis of the fee request. (ECF No. 22.) Plaintiff has not objected to the request. On October 15, 2020, an order was filed requiring Plaintiff to file supplemental briefing addressing the amount of attorney fees that are being sought by the instant motion and the fee agreement. (ECF No. 23.) On October 20, 2020, Plaintiff filed supplemental brief clarifying that counsel is requesting attorney fees in the gross amount of $23,350.73 pursuant to 42 U.S.C. § 406(b)(1). (ECF No. 24.)

## II.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The payment of such award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful

---

[1] The award letter does not state the amount of back benefits awarded, but does state that twenty five percent, or $37,412.90, was withheld from the past due benefits. (ECF No. 20-2 at 2.) This would make the total award $149,652.60 (4 x $37,412.90).

2

attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). The twenty-five percent maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. Gisbrecht, 535 U.S. at 808–09 ("§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable. Crawford, 586 F.3d at 1148. The attorney has the burden of demonstrating that the fees requested are reasonable. Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA. Gisbrecht, 535 U.S. at 796.

The Ninth Circuit has identified several factors that a district court can examine under Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151.

**III.**

**DISCUSSION**

The Court has conducted an independent check to insure the reasonableness of the requested fees in relation to this action. Gisbrecht, 535 U.S. at 807. Here, the fee agreement between Plaintiff and Petitioner provides "[i]f Attorney prevails before the Federal Court, and if Claimant is subsequently awarded benefits by the Social Security Administration ("SSA"), Claimant agrees to pay Attorney a fee for Federal Court work equal to 25% of the past-due

1  benefits." (Employment Agreement, Contract for Federal Court Work, ECF No. 24-1.) Plaintiff
2  has been awarded benefits from February 2015 through March 2020 in the amount of
3  $149,651.60. (ECF No. 20-2.) In determining the reasonableness of the fees requested, the
4  Court is to apply the test mandated by Gisbrecht.

5        There is no indication that a reduction of fees is warranted for substandard performance.
6  Counsel is an experienced, competent attorney who secured a successful result for Plaintiff.
7  Although this action does involve five years of backpay, there is no indication that Counsel was
8  responsible for any substantial delay in the court proceedings. Plaintiff agreed to a 25 percent
9  fee at the outset of the representation and Petitioner is seeking payment of $23,350.73.[2] The
10 amount sought is 15.6% of the past due benefits awarded.[3] The $23,350.73 fee is not excessively
11 large in relation to the past-due award of $149,651.60. In making this determination, the Court
12 recognizes the contingent nature of this case and Counsel's assumption of the risk of going
13 uncompensated. Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

14       In support of the motion, Petitioner submits a log of the time spent in prosecuting this
15 action. (Schedule of Hours, ECF No. 20-4 at 2-3.) The log demonstrates that Petitioner spent
16 3.8 hours and counsel Chantal Harrington spent 17.9 hours, for a total of 21.7 hours, on this
17 action. (Id.) When considering the total amount requested by Petitioner, the fee request
18 translates to $1,076.07 per hour for attorney services in this action. In Crawford the appellate
19 court found that a fee of $875 and $902 per hour, for time of both attorneys and paralegals, was
20 not excessive. Crawford, 486 F.3d at 1152 (dissenting opinion).

21       Further, since Gisbrecht, courts note that reducing a fee request is dicey business and find
22 fee awards much higher than this to be reasonable. Williams v. Berryhill, No. EDCV 15-919-
23 KK, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (awarding fee request that provides an
24 hourly rate of $1,553.36 per hour); Coles v. Berryhill, No. EDCV 14-1488-KK, 2018 WL
25 3104502, at *3 (C.D. Cal. June 21, 2018) (effective hourly rate of $1,431.94 reasonable under

---

[2] Defendant argues that Plaintiff cannot seek a net award of attorney fees under section 406(b). While the motion states that a net award is sought, it also states that counsel will reimburse Plaintiff for the amount of fees awarded under the EAJA. Accordingly, the Court addresses the gross amount that is sought by the motion.

[3] $23,350.73 / $149,651.60 = 0.156

1 the circumstances); Palos v. Colvin, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (fees sought translate to $1,546.39 per hour for attorney and paralegal services); see also Villa v. Astrue, No. CIVS-06-0846 GGH, 2010 WL 118454, at *1, n.1 (E.D. Cal. Jan. 7, 2010) ("In practice, the more efficient counsel is in court, the higher will be the hourly fee amount represented in a § 406 fee award.")

The Court finds that the requested fees are reasonable when compared to the amount of work Petitioner performed in representing Plaintiff in court. Petitioner's representation of the claimant resulted in the action being remanded for further proceedings and ultimately benefits were awarded. Counsel also submitted a detailed billing statement which supports her request. (ECF No. 20-4.)

The award of Section 406(b) fees is offset by any prior award of attorney fees granted under the EAJA. 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. In this instance, Petitioner has previously been awarded $4,4426.14 in EAJA fees and the award of fees under Section 406(b) must be offset in that amount.

## VI.

## CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $23,350.73 is GRANTED;

2. Pursuant to counsel's request, this amount shall be paid directly to Shellie Lott. The Commissioner is to remit to Plaintiff the remainder of his withheld benefits; and

///
///
///
///
///

5

3. Petitioner is ordered to refund $4,426.14 of the Section 406(b) fees awarded to Plaintiff as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d)

IT IS SO ORDERED.

Dated:   **October 26, 2020**

UNITED STATES MAGISTRATE JUDGE